UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **NICHOLAS DAVID PAUL SEDLOCK,**<br><br>Petitioner,<br><br>vs.<br><br>**ROBERTA C. ARCHER, ET AL,**<br><br>Respondents. | **2:26-cv-11416-TGB-APP**<br><br>HON. TERRENCE G. BERG<br><br>**OPINION AND ORDER SUMMARILY DISMISSING PETITION<br>(ECF NO. 1),<br>DENYING CERTIFICATE OF APPEALABILITY, AND DENYING MOTION FOR TRO<br>(ECF NO. 3)** |

Nicholas David Paul Sedlock faces misdemeanor charges in Detroit's 36th District Court for driving an unregistered vehicle, driving with an invalid licence, and using improper plates. ECF No. 1, PageID.33. Sedlock's 2016 Ford Explorer was also seized. *Id.* PageID.29. Sedlock has filed a Petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging the pending charges and seizure of his vehicle. *Id.* PageID.5–12. The Petition will be summarily dismissed because Sedlock does not satisfy the "in custody" requirement for filing a habeas corpus petition under § 2254(a).

## I. BACKGROUND

According to the records attached to Sedlock's Petition, in 2025 he created the "Lux Veritatis Ekklesiastical Eleemosynary Trust" and named himself as trustee. ECF No. 1, PageID.35. The purpose of the trust, "founded for the glory of God," was to "preserve, protect and administer all property conveyed into its care in accordance with sacred and equitable principles." *Id.* On December 14, 2025, someone named Eric Green sold a 2016 Ford Explorer to the Trust for $3,200. *Id.* PageID.38–41. Title for the vehicle was transferred to the "Lux Veritatis Trust." *Id.* PageID.37.

On April 23, 2026, a Detroit Police Officer pulled Sedlock over in the Explorer. *Id.* PageID.33. Sedlock was issued a misdemeanor citation for driving an unregistered vehicle, driving with an invalid or improper license, and having improper plates, and the vehicle was seized. *Id.* On April 27, 2026, the case was scheduled for arraignment. *Id.* PageID.20–22.

Sedlock went to the 36th District Court and attempted to file a document that: (1) demanded return of the Explorer, (2) offered to settle the matter for $50,000 paid to the Trust, (3) notified the court that he was not consenting to the court's jurisdiction, and (4) declared the citation "offer to contract denied. Returned void ab initio." *Id.* PageID.23–33. The clerk refused to accept the document for filing.

2

Sedlock claims that the seizure of his vehicle and the misdemeanor charges are unlawful. He explains that when he was pulled over, the officer entered "a name" into the system and then issued a citation "that contained identifying information associated with a void state identification record that I assert had previously been rescinded…." *Id.* PageID.28–29. Sedlock explains that the "land mass of America," or "the Fifty (50) States," are not actually part of the United States of America, and that so long as he never personally travels to the District of Columbia, he is not subject to U.S. law, or to the laws of the so-called "State of Michigan." *Id.* PageID.31–32. This appears to be Sedlock's justification for failing to register the Explorer, obtain a valid plate, or obtain a Michigan driver's license.

In his motion for a temporary restraining order, Sedlock further clarifies that he is "a living man, native to the Michigan Republic, domiciled upon the land known as Michigan Republic." ECF No. 3, PageID.75. Among other things, he asserts his "right to self-assessment, self-identification, and self-determination." *Id.* PageID.76. Sedlock believes that these and other declarations effectively immunize him from federal and state law. He signed the motion "nicholas david paul sedlock. Agent for the Principal: Private Ecclesiastical Man | All Rights Reserved [UCC 1-308]." (*Id.* PageID.77.)

3

## II. DISCUSSION

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If after preliminary consideration the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970) (stating that the district court has the duty to "screen out" petitions that lack merit on their face). *See also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir.1999).

The language of §§ 2241(c)(3) and 2254(a) require that a habeas petitioner be "in custody" at the time that a habeas petition is filed. *See Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). The term "custody" encompasses individuals subject to immediate physical imprisonment and those subject to restraints not shared by the public generally that significantly confine and restrain freedom. *Lehman v. Lycoming Cnty. Children's Servs. Agency*, 458 U.S. 502, 510 (1982). The denial of a privilege, such as the suspension, revocation, or denial of a driver's license, does not satisfy the requirement. *See, e.g., Lillios v. State of N.H.*, 788 F.2d 60, 61 (1st Cir. 1986); *Harts v. State of Ind.*, 732 F.2d 95, 96–97 (7th Cir. 1984); *Westberry v. Keith*, 434 F.2d 623, 624–25 (5th Cir. 1970).

4

Sedlock lost the ability to drive his Trust's vehicle and he faces misdemeanor charges in Detroit's 36th District Court. He fails to allege or show that these circumstances satisfy the "in custody" requirement of §§ 2241(c)(3) and 2254(a).

Even if Sedlock satisfied the "in custody" requirement, his Petition would nevertheless be subject to summary dismissal because his claims are patently frivolous. Pseudo-legal incantations that have no grounding in real statutory law or court precedent, such as those made by Sedlock, do not immunize him from criminal prosecution or divest a court of jurisdiction. *See, e.g., United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (stating "[r]egardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts"); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing "sovereign citizen" defense to prosecution as having "no conceivable validity in American law"); *see also United States v. Amir*, 644 F. App'x 398, 399 (6th Cir. 2016) (rejecting defendant's attempt to argue that he was not a citizen of the United States, but a citizen of the "Republic of Ohio," to whom federal courts' jurisdiction did not apply). Sedlock's claims that that he is "a living man, native to the Michigan Republic, domiciled upon the land known as Michigan Republic" are similar gibberish with no legal significance.

The Petition for writ of habeas corpus is summarily dismissed. Sedlock's motion for temporary restraining order and order compelling accounting, ECF No. 3, will be denied as moot.

### III. CERTIFICATE OF APPEALABILITY

In order to appeal the Court's decision, Sedlock must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2). The applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Here, jurists of reason would not debate the Court's conclusion that Sedlock's Petition is subject to summary dismissal because he fails to satisfy the custody requirement. Therefore, a certificate of appealability is **DENIED**.

### IV. CONCLUSION

Accordingly, the Court 1) **SUMMARILY DISMISSES** the Petition for a writ of habeas corpus (ECF No. 1), 2) **DENIES** a certificate of appealability, and 3) **DENIES** Petitioner's motion for a temporary restraining order as moot. (ECF No. 3.)

**IT IS SO ORDERED.**

Dated: May 29, 2026          /s/Terrence G. Berg
                             HON. TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE